MARY DAVIS *v.* JUSTUS DAVIS.

Our statute, Rev. Code, chap. 39, sec. 3, allows one-third of the husband's estate to be assigned to the wife when she obtains a divorce.

After a decree dissolving the nuptial tie between a husband and wife, it is no good ground for exception by the husband, the defendant, to the report of the commissioners appointed to allot one-third in value of his estate to the wife, that the commissioners did not take into their consideration his interest claimed in certain land as tenant by the curtesy, supposing, as they stated in their report, that the same belonged to the wife absolutely.

PETITION for DIVORCE *a vinculo matrimonii*, heard by *Mitchell, J.*, at Fall Term, 1872, of the Superior Court of WILKES county.

The complaint alleged adultery, abandonment and cruel treatment as the grounds upon which the petition is filed, and prays a divorce from the bonds of matrimony, and a decree for alimony. The material allegations of the complaint

were denied by the defendant; and at Spring Term, 1872, issues, comprising those allegations, were submitted to referees, who reported, after hearing the evidence, in favor of the plaintiff; whereupon his Honor directed a decree to be entered up dissolving the marriage relation between the parties, and referred it to commissioners to ascertain and report what would be one-third in value of the estate of the defendant. The commissioners, in this order, were directed to lay off by metes and bounds one-third part (in value) of the defendant's real estate, and to designate by description and value any articles of personal property that in their estimation ought to be assigned to the plaintiff, not to exceed the one-third part in value thereof. At the ensuing Fall Term, the commissioners, in obedience to that order, returned their report, to which the defendant filed sundry exceptions, all of which, however, were abandoned upon the argument in this Court except one, which is fully stated, with the evidence pertinent thereto, in the opinion of the Court.

His Honor in the Court below overruled the exceptions, and confirmed the report, whereupon the defendant appealed.

*Folk*, for appellant.
*Armfield*, contra.

READE, J.  Our statute allows one-third of the husband's estate to be assigned to the wife when she obtains a divorce. Rev. Code, ch. 39, s. 3.

To the assignment made in this case, the defendant filed several exceptions, only one of which was pressed in this Court. The facts upon which the exception is based are as follows: The husband had a tract of land valued at $1,000. He had ten undivided elevenths of another tract, which tract was valued at $600, and his interest in it $545.46, making the whole value of his real estate $1,545.46, one-third of which for the wife is $515.15.

Instead of allowing the wife land of the value of $515.15, they allowed her $545.46 worth of the $600 tract, which was $30.31 more than her one-third of the whole real estate; and therefore this sum of $30.31 she was directed to pay to the husband, so as to leave the value of the assignment to her $515.15, which is precisely one-third of the whole, that is, of the $1000 tract and ten-elevenths of the $600 tract. It is clear that there is no error thus far. But then the defendant says that he has more real estate than was valued; that besides the $1,000 tract, and ten-elevenths ($545.46) of the $600 tract, making $1,545.46, one-third of which ($515.15) was assigned to the wife, he has other real estate, to-wit: an interest in the other eleventh of the $600 tract. Take that to be so, and what follows? Why, clearly, that the assignment to the wife is too little; whereas the exception taken is, that it is too much!

While the foregoing is the state of facts as they appear of record, it is due to the defendant to say that the exception was taken upon the supposition that not only a third in value of the $1,000 tract and of the ten-elevenths of the $600 tract was assigned to the wife, but that the whole of the defendant's interest in the other eleventh share was assigned also. And the purpose was to present the question, whether a husband has any assignable interest in the lands of his wife as tenant by the curtesy initiate—the fact in this case being that the said eleventh share was inherited by the wife from her father. The defendant insisted that he was tenant by the curtesy initiate, and that the whole of his interest, instead of one-third, had been assigned to the wife. But it appears that only the husband's ten shares were valued and a third of that assigned to the wife, and the other eleventh was treated as the wife's individual and separate property. If the husband has any interest in said eleventh share it has not been valued and assigned to the wife as a part of his real estate; and he can pursue his rights as he may be advised.

The exception itself sets forth the fact that the commissioners who made the assignment " considered the one-eleventh which descended to the plaintiff as the absolute property of the plaintiff, and assigned to plaintiff one-third of the residue as alimony." So that the amount of the exception is that the commissioners considered the eleventh part as the wife's already without any assignment; whereas, the defendant insists they ought to have considered it his. The object of this proceeding is not to try the title. It may serve to illustrate, to treat this eleventh share as a separate tract: Suppose the defendant had three tracts, $1,000 tract, $600 tract, and a third tract; and the commissioners had assigned the wife only a third of the two first named and assigned no part of the third tract, because, as they supposed, it belonged to some third person or to the wife herself, could the husband complain? Of what could he complain except that too little had been assigned? or, except that the commissioners would not pass upon a disputed title?

There is no error.

PER CURIAM.                    Judgment affirmed.